(60 Misc. Rep. 1.)

. PEOPLE v. VIDAVER (two cases).

(Court of General Sessions, New York County. June, 1908.) .

EXTORTION—INDICTMENT.

    An indictment for an attempt to commit the crime of extortion is suffi-
cient, where it alleges that the threat was of an unlawful character,
emanated from defendant, was addressed to the complaining witness, and
was made with intent to wrongfully obtain property from the latter with
the latter's consent; such consent being induced by a wrongful use of
fear.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Extortion, § 12.]

    Nathan Vidaver was indicted for extortion. Demurrers to indict-
ments disallowed.

    Arthur C. Palmer, for the motions.

    William Travers Jerome, Dist. Atty.· (Isidor J. Kresel, of counsel),
opposed.

    CRAIN, J.  These are demurrers to indictments on the alleged
ground that they do not conform substantially to the requirements of
sections 275 and 276 of the Code of Criminal Procedure, in that it
is alleged that they do not contain a plain statement of the act consti-
tuting the crime, and in that it is claimed that the facts stated in the
indictments do not constitute a crime. Each indictment charges the
defendant with an attempt to commit the crime of extortion.

    Outside of its purely formal parts the essential allegations in an in-
dictment accusing a defendant of the crime of an attempt to commit
the crime of extortion are (1) an accusation in plain language charg-
ing that crime; (2) a plain and concise statement setting forth how
or in what manner the defendant is charged to have committed such
crime. This statement in the given case must allege in substance that
the defendant committed an act of a described character (setting it
forth in the indictment), that it was done with a purpose or intent,
that that purpose or intent was to commit a crime, and that such act
had a tendency to effect the commission of the crime of extortion as
defined by law, but that it failed to effect the commission of that
crime. The act set forth may be some one of the kinds of threats de-
clared by law to be unlawful. If so, it must appear that the threat
was of an unlawful character, and that it emanated from the defend-
ant and was addressed to the complaining witness, and was made
with intent to wrongfully obtain property from the latter with the
latter's consent, such consent being induced by a wrongful use of
fear; that is to say, complaining witness having wrongfully been
made afraid by the threat. The indictment is sufficient if these ele-
ments appear in the statement of the manner in which such crime is
alleged to have been committed.

    The indictments assailed measure up to these requirements. It is
not requisite to allege that the defendant made any statement as to
how he proposed to carry out his threat, or any extrinsic statement
tending to show ability on the part of the defendant to carry out his
threat. In a word, a threat of the character mentioned in the law,

made with the intent mentioned in the law, is, within the meaning of section 34 of the Penal Code in its relation to sections 552 and 553 of the Penal Code, an act. It is, moreover, an act tending to effect the commission of a crime, namely, the crime of extortion. To require further particulars would be to require a pleading of evidence. Some of the threats set forth in the indictments are concededly within the meaning of the law, or, more strictly speaking, are not attacked by the defendant as not being within the meaning of the law; and, if the threats assailed upon the argument and in the briefs as not being within the letter of the law are regarded as properly assailed, the allegations respecting them in the indictments may be considered surplusage and, as such, as not vitiating the indictments, and the indictments may be sustained on the allegations of other threats of a character not attacked by the defendant.

No opinion is expressed herein as to whether any of the threats mentioned in the indictments are open to the criticism passed upon them by the defendant, for the reason that, in the view taken, the question is not necessary of decision. It may become a question for decision upon a trial, in connection with the reception of evidence and otherwise, in the event that a trial of issues of fact is had upon these indictments. A careful perusal of the indictments leads to the conclusion that they are good as against the demurrers interposed. See Code Cr. Proc. §§ 275, 276, 284, 321, 684.

The demurrers are, therefore, disallowed.

Demurrers disallowed.